| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

MICKEY L. WASHINGTON, §
§
    Plaintiff, §
§
*versus* § CIVIL ACTION NO. 1:06-CV-623
§
CLETUS P. ERNSTER, III, and §
CLETUS P. ERNSTER, III, P.C., §
§
    Defendants/Third-Party Plaintiffs, §
§
*versus* §
§
DENNIS SWEET, RICHARD FREESE, §
SHANE LANGSTON, LANGSTON §
SWEET & FREESE, PLLC, SWEET & §
FREESE, PLLC, PIETER TEEUWISSEN, §
DALE DANKS, JR., ANTHONY SIMON, §
DANKS, SIMON & TEEUWISSEN, PLLC, §
and R. G. TAYLOR II, P.C. & §
ASSOCIATES, §
§
    Third-Party Defendants. §

**MEMORANDUM AND ORDER**

Pending before the court is Plaintiff Mickey L. Washington's ("Washington") Motion to Remand (#11). Washington seeks remand to state court of this action for negligent misrepresentation and declaratory judgment against Defendants Cletus P. Ernster, III, and Cletus P. Ernster, III, P.C. (collectively, "Ernster"). Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, this court is of the opinion that remand is warranted.

I.   Background

All parties to this action are attorneys or law firms that were involved in a series of cases concerning Dillard's Department Store ("the Dillard's litigation"). Prior to the filing of this lawsuit, Washington, an employee of Ernster, was notified that he would be sued by Nell McCallum & Assocaties, Inc. ("McCallum"), a court reporting company, for an unpaid debt related to the Dillard's litigation. Therefore, on June 16, 2006, Washington filed his original petition in the 58th Judicial District Court of Jefferson County, Texas, asserting a claim for negligent misrepresentation against Ernster and seeking declaratory and injunctive relief. Specifically, Washington alleged that he worked for Ernster under the belief that he would not be held personally liable for debts incurred in furtherance of his employer's business. Additionally, Washington sought a declaratory judgment (1) stating that Washington does not owe the debt to McCallum, (2) specifying the person or entity that owes the debt, and (3) ordering the liable party to pay the debt. Finally, Washington requested injunctive relief barring any entity from attempting to collect the debt from him personally. McCallum filed separate actions against Washington and Ernster on June 30, 2006, and July 5, 2006, respectively.

On August 8, 2006, Ernster filed an answer to Washington's original petition as well as a third-party petition against Dennis Sweet ("Sweet"); Richard Freese; Shane Langston ("Langston"); Langston Sweet & Freese, PLLC; Sweet & Freese, PLLC; Pieter Teeuwissen ("Teeuwissen"); Dale Danks, Jr. ("Danks"); Anthony Simon ("Simon"); Danks, Simon & Teeuwissen, PLLC; and R. G. Taylor II, P.C. & Associates ("Taylor") (collectively, "Third-Party Defendants"). Ernster claims that Third-Party Defendants are responsible for the debt to McCallum pursuant to a Dillard's Department Store Litigation Letter Agreement ("the Dillard's

Agreement"), which was signed by Ernster and Third-Party Defendants in August 2000. The Dillard's Agreement purports to allocate attorneys' fees from lawsuits filed against Dillard's and provides that the parties agree to "bear all costs and expenses in proportion to their respective contingent fee interest" in the litigation. Thus, Ernster seeks declaratory relief and asserts claims against Third-Party Defendants for negligent misrepresentation, breach of contract, and fraud.[1]

On October 6, 2006, the Justice of the Peace Court of Harris County Texas, Precinct 1, Place 2, issued separate judgments against Washington and Ernster for the debt to McCallum. Specifically, the court ordered Washington to pay the sum of $3,802.55, with pre-judgment interest at the rate of 6% per annum from June 23, 2005, until the date of judgment, reasonable attorney's fees of $1,000.00, plus interest on the entire amount at the rate of 8.25% per annum from the date of judgment until the date of final payment, and all court costs.

Also on October 6, 2006, Third-Party Defendant Sweet removed Washington's case to this court on the basis of diversity of citizenship, alleging that complete diversity exists among the real parties in interest and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. It is undisputed that Washington and Ernster are citizens and residents of the State of Texas. Third-Party Defendant Taylor is also a citizen of Texas, while the remaining Third-Party Defendants are citizens of either Mississippi or Alabama. According to Sweet, only he, Langston, and Danks had been served with process at the time of removal, and Langston and Danks consented to Sweet's removal of this action to federal court. Ernster and Taylor, however, did not consent to removal.

---

[1] Notably, two related actions are pending in the United States District Court for the Southern District of Mississippi. Both suits were filed by Danks, Simon, and Teeuwissen against Ernster, Taylor, and Sweet on April 10, 2006. Washington is not named as a party in either of the Mississippi cases.

In their Notice of Removal, Third-Party Defendants argue that Washington and Ernster are colluding to avoid federal jurisdiction. Specifically, they assert that Washington sued Ernster nominally to prevent diversity, and Ernster then added Taylor as a nominal third-party defendant to impede further diversity jurisdiction. Third-Party Defendants, therefore, request that the court realign the parties in accordance with their true interests in this case, designating Washington, Ernster, and Taylor as plaintiffs and the remaining Third-Party Defendants as defendants. Such an arrangement would result in complete diversity of citizenship.

On November 6, 2006, Washington filed a motion to remand this action to state court, contending that because complete diversity does not exist among the parties, federal jurisdiction is lacking. Washington first argues that remand is appropriate because Ernster did not consent to removal. Moreover, Washington asserts that Sweet, Langston, and Danks, in their capacity as Third-Party Defendants, cannot invoke removal jurisdiction in any event. Finally, Washington contends that Third-Party Defendants have failed to meet their heavy burden of proving fraudulent joinder. In response, Third-Party Defendants argue that because Ernster was fraudulently joined, he need not consent to removal. Additionally, they claim that once the court has properly realigned the parties, Third-Party Defendants will be deemed defendants and, hence, proper parties to remove this action. Finally, they assert that there is no reasonable basis for predicting that Washington could establish liability against Ernster or that Ernster could establish liability against Taylor under state law.

II.   Analysis

"Federal courts are courts of limited jurisdiction." *Peoples Nat'l Bank v. Office of the Comptroller of the Currency of the United States*, 362 F.3d 333, 336 (5th Cir. 2004); *accord*

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Johnson v. United States*, 460 F.3d 616, 621 n.6 (5th Cir. 2006); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001); *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 741 (5th Cir. 1999). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen*, 511 U.S. at 377 (citations omitted). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 377); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 (5th Cir. 2005).

Federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331, 1332; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, ___, 126 S. Ct. 606, 613 (2005); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, ___, 125 S. Ct. 2611, 2617 (2005); *McDonal*, 408 F.3d at 181; *Howery*, 243 F.3d at 914-15; *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000). In order to determine whether jurisdiction is present in a removed action, the claims set forth in the state court petition are considered as of the date of removal. *See Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998); *McGowin v. ManPower Int'l, Inc.*, 363 F.3d 556, 558 n.1 (5th Cir. 2004); *Manguno v. Prudential Prop. &*

*Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Howery*, 243 F.3d at 916; *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Texas Beef Group v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

In cases where, as here, there is no suggestion that a federal question is involved, subject matter jurisdiction exists only if there is complete diversity among the parties and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332; *Lincoln Prop. Co.*, 126 S. Ct. at 613; *Exxon Mobil Corp.*, 125 S. Ct. at 2617; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th Cir.), *cert. denied*, 534 U.S. 997 (2001); *Gebbia*, 233 F.3d at 882. Complete diversity requires that no plaintiff be a citizen of the same state as any defendant. *See Exxon Mobil Corp.*, 125 S. Ct. at 2617; *Caterpillar Inc.*, 519 U.S. at 68; *Heritage Bank*, 250 F.3d at 323; *Howery*, 243 F.3d at 920. Furthermore, removal is appropriate only if none of the parties properly joined and served as defendants are citizens of the state in which the action was brought. *See* 28 U.S.C. § 1441(b); *Lincoln Prop. Co.*, 126 S. Ct. at 613; *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 531-32 (5th Cir.), *cert. denied*, 126 S. Ct. 2945 (2006); *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988).

A.   Realignment of the Parties

In the case at bar, complete diversity of citizenship is lacking because Plaintiff Washington and Defendant Ernster are citizens of Texas. Third-Party Defendants, however, with the exception of Taylor, attempt to establish diversity jurisdiction by asserting that the court should realign the parties in accordance with their purportedly real interests in this litigation. Under Third-Party Defendants' proposed alignment of the parties, the court would designate Washington,

Ernster, and Taylor as plaintiffs and the remaining parties as defendants. Such an arrangement would create complete diversity of citizenship because Washington, Ernster, and Taylor are citizens of Texas, while the remaining parties are citizens of either Mississippi or Alabama.

At the outset, the court is skeptical that the procedure Third-Party Defendants endorse—realignment to allow removal—is permitted. Although unpublished, a decision by the United States District Court for the Northern District of Texas is particularly instructive. In *Roblez v. Ramos*, one of the defendants similarly requested that the district court realign the parties to reflect their true interests in the litigation, which would have resulted in complete diversity of citizenship. *See* No. Civ. A. 301CV0366-G, 2001 WL 896942, at *2 (N.D. Tex. Aug. 1, 2001). As in this case, the defendant relied upon *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63 (1941), and *Zurn Indus., Inc. v. Action Constr. Co.*, 847 F.2d 234 (5th Cir. 1988), to support its contention. The district court noted, however, that these cases did not address removal. *See Roblez*, 2001 WL 896942, at *2. Rather, they dealt with the question of diversity jurisdiction in suits filed originally in federal court. *See id*. "The issue in those cases, therefore, was whether the *plaintiffs* could proceed in the federal forum they had chosen. The instant case, arriving in this court on the basis of removal, poses a different question, however: whether the *defendant's* choice of a federal forum trumps the plaintiff's usual right to select the forum." *Id*. (emphasis in original).

In addressing this issue, the *Roblez* court explained that the competing interests of "the plaintiff's (mostly unlimited) right to choose his forum against the defendant's (conditional) right to a federal forum" are generally resolved through the doctrine of fraudulent joinder. *Id*. at *3 (citing *Bentley v. Halliburton Oil Well Cementing Co.*, 174 F.2d 788, 791-92 (5th Cir. 1949)).

"'The fraudulent-joinder doctrine tries to strike a reasonable balance among not rewarding abusive pleading by the plaintiff, the plaintiff's tactical prerogative to select the forum, and the defendant's statutory right to remove.'" *Id.* (quoting 14B CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3723 (3d ed. 1998)). As the *Roblez* court pointed out:

> Original jurisdiction cases such as *Zurn* and *City of Indianapolis*, however, are not concerned with this balance. If a defendant can remove, on diversity grounds, a case properly filed in state court without—at the same time—shouldering (what the case law describes as) the *heavy* burden of showing fraudulent joinder, this balance will obviously be upset.

*Id.* (emphasis in original). The court finds the rationale of *Roblez* persuasive. It is unnecessary, however, for the court to assess whether realignment by a district court is appropriate in the context of removal generally. Even if the court assumes that it may realign the parties after removal has occurred, Third-Party Defendants have failed to show that realignment is appropriate under the circumstances of this case.

For diversity jurisdiction to exist, "there must be an actual, substantial controversy between citizens of different states." *Zurn*, 847 F.2d at 236 (citing *City of Indianapolis*, 314 U.S. at 69); *accord Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1178 (5th Cir. 1984); *Jackson HMA, Inc. v. St. Paul Fire & Marine Ins. Co.*, 246 F. Supp. 2d 535, 537 (S.D. Miss. 2003). Thus, "a court must 'look beyond the pleadings, and arrange the parties according to their sides in the dispute.'" *Zurn*, 847 F.2d at 236 (quoting *City of Indianapolis*, 314 U.S. at 69); *accord Lowe*, 723 F.2d at 1177-78. "The 'necessary "collision of interest"' has to be determined 'from the "principal purpose of the suit" and the "primary and controlling matter in dispute."'" *Zurn*, 847 F.2d at 236 (quoting *City of Indianapolis*, 314 U.S. at 69 (citations omitted)). Nevertheless, "[t]he determination of the 'primary and controlling matter in dispute' does not include the cross-

claims and counterclaims filed by the defendants." *Id.* at 237; *accord MCI Telecomms. Corp. v. Logan Group, Inc.*, 848 F. Supp. 86, 88 (N.D. Tex. 1994). Rather, "it is to be determined by [the] plaintiff's principal purpose for filing its suit." *Zurn*, 847 F.2d at 237; *accord Jackson HMA, Inc.*, 246 F. Supp. 2d at 537.

Here, Washington is subject to a judgment entered against him personally for a debt incurred while he was employed by Ernster. Thus, Washington's principal purpose for filing suit appears to be to disclaim liability for the debt and obtain damages for Ernster's allegedly negligent misrepresentation that Washington would not be held personally responsible for debts incurred in furtherance of Ernster's business. Washington has a legitimate dispute with Ernster, and no party is subject to realignment with Washington on that claim. *See Zurn*, 847 F.2d at 238. Accordingly, the court declines Third-Party Defendants' request to realign the parties in this case.

      B.    <u>Removal by a Third-Party Defendant</u>

Washington contends that remand is appropriate because Third-Party Defendants do not have the statutory authority to remove this action. In response, Third-Party Defendants argue only that the court should realign the parties, which would result in their classification as defendants for removal purposes. The court, however, has rejected Third-Party Defendants' request for realignment of the parties. Therefore, it is necessary for the court to evaluate Washington's assertion that removal by Third-Party Defendants was without legal basis.

It is undisputed that the court would have lacked original jurisdiction over Washington's claim because there is no federal question presented and no diversity of citizenship. *See Exxon Mobil Corp.*, 125 S. Ct. at 2617. Thus, Washington's case is not removable under 28 U.S.C. § 1441(a) or (b). *See* 28 U.S.C. § 1441(a), (b) (permitting removal only in cases where the

district court has original jurisdiction); *Heritage Bank*, 250 F.3d at 323. Accordingly, the sole remaining potential mechanism by which Third-Party Defendants could remove this case is 28 U.S.C. § 1441(c). Section 1441(c) provides as follows:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c). Although the appellate courts are split on the issue of whether a third-party defendant may remove a case pursuant to § 1441(c), the Fifth Circuit has held that such removals are permissible. *See State of Tex. ex rel. Bd. of Regents of the Univ. of Tex. Sys. v. Walker*, 142 F.3d 813, 816 (5th Cir. 1998), *cert. denied*, 525 U.S. 1102 (1999); *accord Dallas Indep. Sch. Dist. v. Calvary Hill Cemetery*, 318 F. Supp. 2d 429, 432 (N.D. Tex. 2004).

Nevertheless, this case is outside the purview of § 1441(c) because the parties do not assert any claims that fall within the court's federal question jurisdiction. In 1990, the language of § 1441(c) was amended to limit this type of removal to cases in which any nonremovable claims are joined with a claim that falls within the district court's federal question jurisdiction, as conferred by 28 U.S.C. § 1331. *See* 28 U.S.C. 1441(c); *California Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 105 n.18, 106 (2d Cir. 2004), *cert. denied*, 543 U.S. 1080 (2005); *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 466-67 (6th Cir. 2002); *Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031, 1037 (8th Cir. 1999). Thus, "the existence of a claim that meets the requirements for diversity jurisdiction is no longer sufficient to implicate Section 1441(c)." *California Pub. Employees' Ret. Sys.*, 368 F.3d at 105 n.18. Accordingly, the instant

10

case fails to meet the express requirements for removal under § 1441(c), and remand is warranted.[2]

III. Conclusion

An evaluation of the relevant facts and controlling law reveals that the court lacks subject matter jurisdiction over Washington's action, as there is neither a federal question presented nor complete diversity of citizenship between the parties. Therefore, this case was improvidently removed, and remand is warranted. Consequently, Plaintiff's Motion to Remand is GRANTED. This action will be remanded to the 58th Judicial District Court of Jefferson County, Texas.

SIGNED at Beaumont, Texas, this 29th day of January, 2007.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

---

[2] Because the court holds that Third-Party Defendants may not remove this case, it need not reach Third-Party Defendants' alternative argument that Ernster and Taylor were fraudulently joined to defeat diversity jurisdiction. The court also need not address any procedural defects associated with Third-Party Defendants' removal, such as the absence of consent by Ernster.